UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LANCE DAVIS, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | |
| BRETT STIDHAM, ALEJANDRA | § | |
| NAJERA, FRANKIE GRAY, DR. | § | EP-24-CV-00105-DCG |
| DIONEL C. WATERS, JEFF | § | |
| COTTRILL, DR. ERNESTO CANTU, | § | |
| UNIDENTIFIED DEFENDANT 1, and | § | |
| UNIDENTIFIED DEFENDANT 2, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE

Before the Court is *pro se* Plaintiff Lance Davis's "Motion for Substituted Service" (ECF No. 11), filed on April 19, 2024. Senior United States District Judge David Guaderrama referred the Motion to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules of the Western District of Texas. For the following reasons, Plaintiff's motion is **DENIED**.

### I.  BACKGROUND

Plaintiff states that on September 7, 2023, parents of students at the IDEA Edgemere school, which Plaintiff's children attended, were made aware that there was a security incident on campus, potentially involving a student with a gun. Am. Compl. 5, ECF No. 14. Plaintiff's children had their belongings searched by school staff, despite Plaintiff's daughter's refusal to consent to the search. *Id.* Additionally, because of a separate alleged incident on February 14, 2024, Plaintiff asserts that he was banned from the school property "under false pretenses." *Id.*

As a result, Plaintiff asserts that his and his children's 4th, 14th, and 1st Amendment rights were infringed on, and they suffered injuries as a result. *Id.* at 3, 7.

Plaintiff filed suit under 42 U.S.C. § 1983 against the Defendants on April 1, 2024. *See* Compl. Violation Civil Rights 3, ECF No. 1. On the same day, Plaintiff obtained summonses for all of the Defendants. *See* Summons in a Civil Action, ECF Nos. 2–9. On April 19, 2024, Plaintiff filed the instant motion for substituted service. He asked for substituted service on all the Defendants, Mot. Substituted Service Proposed Order 1, ECF No. 11-1, but, on the same day, he also filed an executed proof of service on Alejandra Najera, Proof of Service, ECF No. 12. Plaintiff seeks to serve the Defendants at their place of business and via their emails. Mot. Substituted Service Proposed Order 2. On May 1, 2024, Plaintiff filed an amended complaint against the same Defendants. *See* Am. Compl.

## II.   DISCUSSION

Federal Rule of Civil Procedure 4(e) permits service on an individual in accordance with the law of "the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The Texas Rules of Civil Procedure permit service either by: "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a).

Alternatively, a plaintiff may seek substituted service by filing:

> [a] motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful.

*Id.* 106(b). Substituted service may be made "by leaving a copy of the citation and the petition with anyone older than sixteen at the location specified in the statement" or "in any other manner,

2

including electronically by . . . email . . . , that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." *Id.*

A court can only authorize substituted service if the plaintiff's sworn statement strictly complies with Rule 106. *Rock Island Auction Co. v. Dean*, No. 3:23-CV-2642-S-BN, 2024 WL 1837970, at *2 (N.D. Tex. Apr. 26, 2024) (quoting *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015)). Plaintiff's declaration does not contain enough detail to satisfy the requirements of Rule 106(b). Plaintiff did not provide the location where the defendants are likely to be found and did not provide enough information about the attempts to obtain service. The sworn statement attached to a motion for substituted service must provide a specific location where the defendants are likely to be found. *See, e.g., id.* at *5 ("Because none of the affidavits provided by [the plaintiff] have included a location where [the defendant] can probably be found, . . . [the plaintiff] has not submitted an affidavit that has complied with Rule 106."). Further, Plaintiff's declaration provides very few details about the specific attempts to serve Defendants. Affidavits or declarations made to obtain substituted service under Rule 106(b) should at least provide the dates and times during the day that service was attempted. *See Coronado v. Norman*, 111 S.W.3d 838, 842 (Tex. App. 2003) (citing Texas state court cases where affidavits were found to be insufficient because they did not contain dates and times of attempted service); *In re Sloan*, 214 S.W.3d 217, 223 (Tex. App. 2007) (declaring an affidavit insufficient when it did not state the times at which attempted service was made).

Plaintiff's Attempted Service Declaration also does not satisfy the Texas requirements for unsworn declarations, as it is not signed by the person making the declaration. *See* Tex. Civ. Prac. & Remedies Code § 132.001. An unsworn declaration may be used in place of an affidavit to make a statement under penalty of perjury, but it must be in writing and subscribed by the person

3

making the declaration. *Id.* §§ 132.001(a), (c). The statute provides the format that a declarant should use to complete an unsworn declaration. *See id.* § 132.001(d).

Finally, neither federal nor Texas rules of civil procedure allow a party to the case to serve process personally. *See* Tex. R. Civ. P. 103 ("But no person who is a party to or interested in the outcome of a suit may serve any process in that suit . . ."); Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."). Plaintiff's motion and declaration strongly suggest that Plaintiff attempted to serve the defendants himself. *See* Mot. Substituted Service Proposed Order 2 ("Attached to Plaintiffs' [sic] motion is the declaration of Lance Davis, the Plaintiff who attempted to serve Defendants with personal service. According to the declaration, Mr. Davis attempted to serve Defendants . . . Mr. Davis attempted service, but all available staff refused service and referred Mr. Davis to the State Secretary."); Attempted Service Decl., ECF No. 11-1 (". . . I attempted service of all defendants listed on the summons . . . . I was referred to the Secretary of State's office to find their registered agent of service. . . . I attempted multiple times to communicate with [the registered agent] by phone, but my efforts have been unsuccessful."). In order to obtain an order for substituted service, Plaintiff first needs to make sure that he has properly attempted service under the Texas Rules of Civil Procedure, which includes having a non-party who meets the requirements of Texas Rule of Civil Procedure 103 attempt to carry out service of process.

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff Lance Davis's Motion for Substituted Service (ECF No. 11).

**SIGNED** this 21st day of May, 2024.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**