**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **LANCE DAVIS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **BRETT STIDHAM; ALEJANDRA** | § | **EP-24-CV-00105-DCG** |
| **NAJERA; FRANKIE GRAY; DR.** | § | |
| **DIONEL WATERS; DR. ERNESTO** | § | |
| **CANTU; DR. JEFFREY COTTRILL;** | § | |
| **UNIDENTIFIED IDEA EMPLOYEE 1;** | § | |
| **and UNIDENTIFIED IDEA** | § | |
| **EMPLOYEE 2,** | § | |
| | § | |
| *Defendants.* | § | |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court are Plaintiff Lance Davis's Motion to Disqualify Counsel, ECF No. 95 [hereinafter "Mot."], and Defendants' request for a pre-filing injunction, as embedded in Defendants' Response in Opposition to Plaintiff's Motion to Disqualify, ECF No. 96 [hereinafter "Resp."].[1] Both the Motion and request for a pre-filing injunction were referred to the undersigned magistrate by Senior United States District Judge David C. Guaderrama, pursuant to 28 U.S.C. § 636(b)(1) and Rule 1 of Appendix C to the Local Rules. Order Referring Mots. to U.S. Mag. J. 2, ECF No. 108; Order Construing Filing as Mot. & Referring Mot. to U.S. Mag. J., ECF No. 129 [hereinafter "Order Ref'ing Resp."].

---

[1] The district court construed the Response as a motion to the extent Defendants' Response "seeks 'a pre-filing order.'" *See* Order Ref'ing Resp. 2.

For the reasons set forth below, the Court **ORDERS** Plaintiff's Motion to Disqualify Counsel is **DENIED**.  The Court further **RECOMMENDS** Defendants' request for a pre-filing injunction be **DENIED**.

## I.    DISCUSSION

### A.  Plaintiff's Motion to Disqualify Counsel[2]

In his Motion, Plaintiff seeks an order (1) disqualifying defense counsel from further representation of Defendants in the above-captioned matter; (2) requiring "full disclosure" of information concerning Defendants' legal fee arrangements; and (3) requiring "defense counsel to obtain and produce written declinations of settlement" from Defendants.  Mot. 7.  Plaintiff further requests the Court address Defendants "regarding the legal posture of this case and potential consequences of continued litigation."  *Id.* at 7–8.

### 1.  *Plaintiff's request to disqualify defense counsel is denied.*

As to his first request, Plaintiff alleges (1) defense counsel failed to ensure decisions were made with Defendants' informed consent and (2) defense counsel's representation of IDEA Public Schools in other matters conflicts with the interests of the named Defendants.  Mot. 4–6.[3]

"Disqualification of an attorney is a matter committed to the court's sound exercise of discretion."  *Diag. Affils. of Ne. Hou, LLC v. United Health Grp., Inc.*, No. 2:21-CV-00131, 2022 WL 20717538, at *3 (S.D. Tex. Jan. 18, 2022) (citing *FDIC v. U. S. Fire Ins. Co.*, 50 F.3d 1304, 1310 (5th Cir. 1995)).  While a court may not "indiscriminately gut[] the right to counsel of one's choice,"  it may find circumstances call for disqualification where there is "at least a reasonable

---

[2]    The requests for relief presented in Plaintiff's Motion are nondispositive matters that may be determined by a magistrate judge. *See Maersk Tankers MR K/S v. M/T Swift Winchester*, 655 F. Supp. 3d 554, 556 (S.D. Tex. 2023) (quoting *Medgyesy v. Medgyesy*, 988 F. Supp. 2d 843, 845 n.1 (N.D. Ill. 2013) (collecting cases)) ("'[A] motion to disqualify counsel is a nondispositive matter' that a magistrate judge may decide.").

[3]    Plaintiff further appears to allege that defense counsel should be disqualified due to its refusal to produce information concerning Defendants' fee arrangements.  Mot. 8.  For the reasons discussed herein, *see* discussion *infra* Sections I(A)(2), the arguments similarly lacks merit.

possibility that some identifiable impropriety actually occurred." *FDIC*, 50 F.3d at 1316 (citing *Woods v. Covington Cnty. Bank,* 537 F.2d 804, 813 (5th Cir.1976)).[4]   Here, the Court finds Plaintiff's request for disqualification falls well below this threshold.

First, Plaintiff argues that defense counsel should be disqualified because counsel's "refusal to produce written settlement declinations from their clients constitutes a violation of the duty to communicate and to ensure decisions are made with informed consent." Mot. 6.  The Court finds Plaintiffs' argument to be without merit.  Defense counsel has committed no impropriety by declining to produce written declinations, particularly where pursuing the opposite course of action would require the productions of potentially privileged communications or subject Defendants to unwelcome party-to-party communication.  Accordingly, the Court declines to find that defense counsel's unwillingness to produce written settlement declinations should serve as the basis for disqualification.

Second, Plaintiff contends that defense counsel's simultaneous representation of Defendants and IDEA Public Schools, as well as the IDEA Public Schools' alleged payment of defense costs, creates a conflict of interest between defense counsel and their clients.  Mot. 4–5. As the Fifth Circuit has opined, "[t]o allow an unauthorized surrogate to champion the rights of [a] former client would allow that surrogate to use the conflict rules for his own purposes where a genuine conflict might not really exist." *In re Yarn Processing Pat. Validity Litig.*, 530 F.2d 83, 90 (5th Cir. 1976).  The risk of fabricated conflict is more pronounced, and thus disqualification is improper, where, as here, there is no attorney-client relationship between challenged counsel and the moving party.  *See United States v. Anderson*, 93 F.4th 859, 867–68 (5th Cir.), *cert. denied*, 145

---

[4]    As Fifth Circuit has recognized, there is particular cause for restraint where, as here, the disqualification inquiry is initiated by an opposing party or against an entire firm.  *FDIC*, 50 F.3d at 1316 (citing *Woods,* 537 F.2d at 813).

3

S. Ct. 202 (2024) (quoting *In re Am. Airlines, Inc.*, 972 F.2d 605, 614 (5th Cir. 1992)) (movant seeking disqualification of opposing counsel on the basis of conflict of interest must establish, *inter alia*, "an actual attorney-client relationship between the moving party and the attorney he seeks to disqualify"). Accordingly, defense counsel will not be disqualified based on Plaintiff's allegations of conflict of interest.

Accordingly, Plaintiff's request for disqualification of counsel is denied.

**2. Plaintiff's request for disclosure of information concerning Defendants' fee arrangements is denied.**

Plaintiff further requests that Defendant be required to disclose "any payment arrangements for [D]efendants' legal fees" in light of Defendants' purported waiver of privilege. Mot. 7. As the district court has already made clear, Plaintiff has no legal right to obtain information concerning Defendants' fee arrangements at this stage in litigation. Order Denying Pl.'s Req. for Court Conf. & Denying Pl.'s Mot. for R. 16(c)(2)(A) Pre-Trial Conf. with the Court 3–4, ECF No. 77 [hereinafter "Order Denying Conf."]. This is true regardless of whether privilege has been waived.[5] Plaintiff's request for an order requiring Defendants to disclose information concerning their fee arrangements is therefore denied.

**3. Plaintiff's request for production of written settlement declinations is denied.**

Plaintiff next requests that defense counsel be ordered to obtain and produce written settlement declinations from Defendants. Mot. 7. As addressed, *see* discussion *supra* I(A)(1), Defense counsel is under no obligation to produce their clients' written settlement declinations to Plaintiff. Thus, Plaintiff's request is denied.

**4. Plaintiff's request for the Court to address Defendants regarding their decision to proceed in litigation is denied.**

---

[5]     The Court declines to address the issue of waiver at this time.

As to Plaintiff's final request, Plaintiff asks that the Court "[m]ake clear to each defendant the nature of the claims against them, including the allegations of constitutional violations and municipal liability, as well as the relevant statutory and case law cited above," in order to "safeguard the defendant's rights and ensure informed decision-making." Mot. 7–8. As an initial matter, Plaintiff has already been advised that "[t]he Court's role in this case is to serve as an impartial decisionmaker—not to serve as a counselor or advocate for either side." Order Denying Conf. 1. Even setting aside the impropriety of the request, Plaintiff has not shown there is a need for additional safeguards to protect Defendants' interests. Accordingly, the Court will not personally advise Defendants regarding their decision to proceed in litigation.

For the foregoing reasons, Plaintiff's Motion to Disqualify Counsel is denied.[6]

## B.     Defendants' Request for Pre-Filing Restrictions[7]

In its Response to Plaintiff's Motion to Disqualify, Defendants asked the district court to impose a pre-filing injunction which would require Plaintiff to "[s]eek and obtain leave of the presiding judge before filing any new motions, petitions, or other documents in this case" and "[l]imit filings to matters directly related to the resolution of the pending motions to dismiss until those motions are fully resolved." Resp. 9.[8]

---

[6]     The requests contained in this Motion were so devoid of factual or legal support that they suggest bad faith on the part of the filer. Plaintiff is advised that, should Plaintiff continue to request relief he has already been denied or misconstrue the rules of professional ethics to interfere with Defendants' right to counsel, the Court may choose to levy sanctions *sua sponte* after due process requirements are met. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) (citing *In re Martin–Trigona,* 737 F.2d 1254, 1261–62 (2d Cir. 1984)) (following notice and hearing, "a district court may *sua sponte* impose a pre-filing injunction to deter vexatious filings").

[7]     Matters pertaining to injunctive relief fall within the category of motions that must be decided by a district judge. *See* 28 U.S.C. § 636(b)(1). Accordingly, the Court submits a report and recommendation to address Defendants' request for a pre-filing injunction.

[8]     Defendants' request could be denied on procedural grounds, as "request[s] for relief embedded in a response brief [are] disfavored," *Coleman v. Roth*, No. 5-17-CV-00819-FB-RBF, 2021 WL 724610, at *1 (W.D. Tex. Feb. 23, 2021), *R. & R. adopted*, No. CV SA-17-CA-0819-FB, 2021 WL 4079123 (W.D. Tex. July 29, 2021) (citing Fed. R. Civ. P. 7(b)), and requests for sanctions *must* be made separately, Fed. R. Civ. P. 11(b). Nevertheless, the Court finds it proper to memorialize its analysis, given its authority to impose a pre-filing injunction sua sponte. *See Baum*, 513 F.3d at 189.

In light of their broad authority to take appropriate measures to ensure the orderly administration of justice, district courts may "impose prefiling injunction[s] to deter vexatious, abusive, and harassing litigation.'" *Staten v. Harrison Cnty.*, No. 20-60329, 2021 WL 5766576, at *3 (5th Cir. Dec. 3, 2021) (per curiam) (unpublished) (collecting cases). However, "[s]uch powers may be exercised only if essential to preserve the authority of the court" and tailored to preserve the litigant's rights to present nonfrivolous claims for relief. *Matter of Carroll*, 850 F.3d 811, 815 (5th Cir. 2017) (per curiam) (quoting *Nat'l Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996)).

In determining whether a pre-filing injunction is essential, courts must "consider the circumstances of the case," including:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits [or filings]; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Matter of Carroll*, 850 F.3d at 815 (quoting *Baum*, 513 F.3d at 189).

Even disregarding the character of Plaintiff's filings outside of the Western District of Texas, this Court's assessment of the Plaintiff's Motion to Disqualify, considered alongside the district court's disposition of Plaintiff's prior motions, demonstrates that Plaintiff has marginally avoided a finding of frivolity or vexatious conduct throughout the course of litigation. *See, e.g.,* Order Striking Pl.'s Proc. Defective Filings & Revoking Pl.'s Elec. Filing Privileges 1, ECF No. 72 (finding Plaintiff had "abused his e-filing privileges"); Order Denying Conf. 2–3, (on Plaintiff's previous motion to order Defendants to produce certain information, finding Plaintiff's own filings demonstrated Defendants' attorneys provided information Plaintiff sought to compel and "Plaintiff ha[d] just refused to accept the answers to those questions."). And as made apparent by the sheer volume of filings in this case – now totaling 129 at the motion to dismiss stage – resolution of

6

these matters has been substantially slowed, and the Court and Defendants burdened, by Plaintiff's excessively litigious practices.

Nevertheless, even if the Court is dubious as to whether each of Plaintiff's filings were submitted for legitimate purposes, it does not find that the case as a whole was pursued in bad faith. Moreover, while the district court has taken steps to curb Plaintiff's filing missteps by relieving him of his e-filing privileges, several avenues to deter misconduct remain open.[9] That is not to say that the full range of available sanctions must be exhausted before a pre-filing injunction can be imposed. However, in light of the present circumstances, this Court finds that the imposition of injunctive relief would be excessive and premature. *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir. 1986) (cautioning imposition of pre-filing injunction would be considered if monetary sanctions proved to be ineffective).

Accordingly, the Court recommends Plaintiff's request for injunctive relief be denied.[10]

## II.    CONCLUSION

For the foregoing reasons, the Court **ORDERS** Plaintiff's Motion to Disqualify Counsel, ECF No. 95, is **DENIED**.

The Court further **RECOMMENDS** Defendants' requests for injunctive relief, as stated in Defendants' Response in Opposition to Plaintiff's Motion to Disqualify, ECF No. 96, be **DENIED.**

**SIGNED** this 6th day of April, 2026.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

---

[9]     This instant recommendation should not be construed to foreshadow the outcome of the Court's analysis as applied to requests for alternative sanctions not presently before the Court. Upon a separate motion, the Court would be willing to consider whether non-injunctive sanctions should be imposed.

[10]     Plaintiff is warned that additional frivolous, vexatious, or bad faith conduct could readily shift the Court's balancing of these factors to favor Defendants. If Plaintiff continues to misuse judicial processes or subject Defendants to abusive litigation practices, the Court may convene a hearing or require additional briefing to determine whether a pre-filing injunction is warranted and, if so, its appropriate scope.

## <u>NOTICE</u>

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**