**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **LANCE DAVIS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **BRETT STIDHAM; ALEJANDRA** | § | **EP-24-CV-00105-DCG** |
| **NAJERA; FRANKIE GRAY; DR.** | § | |
| **DIONEL WATERS; DR. ERNESTO** | § | |
| **CANTU; DR. JEFFREY COTTRILL;** | § | |
| **UNIDENTIFIED IDEA EMPLOYEE 1;** | § | |
| **and UNIDENTIFIED IDEA** | § | |
| **EMPLOYEE 2,** | § | |
| | § | |
| *Defendants.* | § | |

## ORDER ON PLAINTIFF LANCE DAVIS'S "NEXT FRIEND DECLARATION"

Before the Court is Plaintiff Lance Davis's "Next Friend Declaration," ECF No. 121 [hereinafter "Decl."], construed as a motion "[t]o the limited extent that the Declaration requests relief that the Court would need to issue an order to grant." *See* Order Construing Filing Mot. & Ref'ing Mot. U.S. Mag. J. 2, ECF No. 125. Senior United States District Judge David C. Guaderrama referred the requests to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules. *Id.* For the reasons set forth below, the requests are **GRANTED IN PART** and **DENIED IN PART**.

### I.    BACKGROUND

On April 1, 2024, Davis brought this *pro se* action against several individuals employed by IDEA Public Schools, a school previously attended by his two minor children. Compl., ECF No. 1; Decl. 2. In his operative pleadings, Davis asserts 42 U.S.C. § 1983 claims on behalf of the

minor children for a search allegedly conducted by IDEA employees in violation of the minors'

Fourth Amendment rights, as well as civil rights claims brought against various school

administrators in Davis's own name.  Amend. Compl. 3, 5, ECF No. 14.[1]

## II.    DISCUSSION

In his Declaration, Davis asks that the Court (1) permit him to serve as the next friend to

the minors, under Federal Rule of Civil Procedure 17(c)(1); (2) assign a guardian ad litem to serve

as the minors' representative in this case, under Rule 17(c)(2); and (3) provide the minors with

court-appointed counsel, under 28 U.S.C. § 1915(e)(1).  Decl. 2–3.  Should the Court decline to

grant the preceding requests, Davis seeks "a short stay of the minors' claims, rather than dismissal,"

so that counsel may be recruited.  *Id.* at 3.

**A.  Davis's requests for next-friend status and the appointment of a guardian ad litem are
denied.**

Ordinarily, as a rule of standing, a party "must assert his own legal rights and interests, and

cannot rest his claim to relief on the legal rights or interests of third parties."  *Kowalski v. Tesmer*,

543 U.S. 125, 129 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).  However, the

Supreme Court has held that the rule is not absolute, as "there may be circumstances where it is

necessary to grant a third party standing to assert the rights of another."  *Id.* at 129–30.

**1.  As the minors' guardian, Davis is permitted to serve as their representative for the
purposes of Rule 17(c).**

One such exception to the rule is set forth in Federal Rule of Civil Procedure 17(c)(1)(A),

which allows a "general guardian" to sue or defend on behalf of his minor ward, *id.*, provided the

guardian has no interests conflicting with the minor he is entrusted to represent, *Adelman v. Graves*,

---

[1]    Davis also brought claims on behalf of his daughter, Journey, who has since reached the age of majority and
filed a notice of appearance to proceed with her claims *pro se*.  *See* Amend. Compl; Notice of Appearance, ECF No.
97.

747 F.2d 986, 988 (5th Cir. 1984).  Given that Davis has made clear that he served as the minors'
legal guardian at all times relevant to the case, Court's Quest. Pl. 2, ECF No. 135, intends to
"diligently pursue their claims," and "ha[s] no interests adverse to [the minors]," Decl. 3, the Court
finds Davis may properly bring the action on behalf of the minors under Rule 17(c).

### 2. *Davis may not serve as the minors' next friend under Rule 17(c)(2).*

Like Rule 17(c)(1)(A), Rule 17(c)(2) permits third parties to bring suits on behalf of minors
as "next friends," if certain requirements are met.  However, next-friend "standing is by no means
granted automatically to whomever seeks to pursue an action on behalf of another."  *Whitmore v.
Arkansas*, 495 U.S. 149, 163 (1990).  "The burden is on the 'next friend' clearly to establish the
propriety of his status."  *Id.* at 164 (further citation omitted).  And, even where the requirements
of Rule 17(c)(2) have been met, a court may not grant next-friend status unless the individual
seeking to bring suit satisfies the requirements of Rule 12(b), "which mandates the use of state law
in determining a representative's capacity to sue."  *Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155,
163 (5th Cir. 2016) (citing *Slade v. La. Power & Light Co.,* 418 F.2d 125, 126 (5th Cir.1969)); 6A
Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1571, at 679 (3d.
ed.2010)).

To obtain status under Rule 17(c)(2), a proposed next friend must demonstrate that the
minor is not already represented by a "general guardian," "committee," "conservator," or "like
fiduciary."  *See* Fed. R. Civ. P. 17(c) ("A minor . . . *who does not have a duly appointed
representative* may sue by a next friend or by a guardian ad litem.") (emphasis added).  Similarly,
under Texas law, an individual has capacity to bring a next-friend suit on behalf of a minor party-
in-interest only where the minor "ha[s] no legal guardian."  Texas R. Civ. P. 44; *see Rideau*, 819
F.3d at 164 ("If 'next friend' capacity were available even in the presence of a legally appointed
guardian, language in Rule 44 limiting the rule to minors 'with no legal guardian' would be

3

superfluous."). Here, because Davis is the minors' guardian, he cannot demonstrate that next-friend status is appropriate under Rule 17(c)(2), nor can he establish his capacity to act as a next friend under state law. *See Rideau*, 819 F.3d at 164*; see also Wilt v. Whitehouse Police Dep't*, No. 6:25-CV-00117-JCB-JDL, 2025 WL 2795828, at *6 (E.D. Tex. July 16, 2025), *R. & R. adopted*, 2025 WL 2778463 (E.D. Tex. Sept. 26, 2025) ("neither Texas's nor the federal rules' next-friend provisions are applicable" where minor party-in-interest had a legal guardian). Accordingly, Davis's request to be appointed next friend is denied.

### 3. The minors are not entitled to appointment of a guardian ad litem under Rule 17(c)(2).

Rule 17(c)(2) also controls procedural questions concerning guardians ad litem and provides for appointment where a minor lacks a representative – that is, a guardian, committee, conservator, or like fiduciary – to sue or defend on their behalf. As guardian, Davis was permitted to, and did indeed, act as the minors' proxy in bringing suit. Thus, Rule 17(c)(2) does not require the appointment of a guardian ad litem. *See Croce v. Bromley Corp.*, 623 F.2d 1084, 1093 (5th Cir. 1980) (holding there is "no need for the court to appoint a guardian ad litem" where "the child's legal guardian, his mother, brought this action on his behalf" and thus, "the infant was 'otherwise represented'" for the purposes of Rule 17(c)(2)). Davis's request for appointment of a guardian ad litem is therefore denied.

In sum, because Davis already serves as the minors' representative under Rule 17(c), the Court need not assign a guardian ad litem and cannot grant his requests for next-friend status. Thus, Davis's requests for appointed representatives are denied.

### B. Davis may not appear *pro se* on behalf of the minors.

While Davis's status as guardian resolves the question of whether the requirements of Rule 17 are satisfied, it does not address the issue of whether he, as "a non-lawyer guardian . . . may

represent a minor *pro se*." *Dobbs v. Warden*, No. 21-10657, 2022 WL 4244283, at *2 (5th Cir. Sept. 15, 2022), *abrogated on other grounds by Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280 (5th Cir. 2023) (unreported) (emphasis added). As the Fifth Circuit has made clear, even where a non-lawyer guardian has standing to bring their child's claims, they may proceed *pro se* only in limited circumstances. *Raskin*, 69 F.4th at 282–83.

28 U.S.C. § 1654, which governs appearances in federal court, permits parties to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The phrase "personally or by counsel" is understood by the Fifth Circuit to be a "comprehensive[] list" of "all the ways that a party may appear in federal court." *Raskin*, 69 F.4th at 283 (citing *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998)). Thus, while a party may appear in "their own cases" *pro se* or through an attorney, their interests generally may not be represented by non-lawyers. *Id.*

Despite this interpretation, Section 1654 does not create an absolute bar on third-party *pro se* representation. In cases such as this, where a parental guardian seeks to personally litigate his child's claims, a court must determine whether the case also "belong[s] to" the parent, such that it may also be considered the parent's "own." *Raskin*, 69 F.4th at 282. As a general rule of common law, minors' claims do not "belong" to their parents. *Id.* at 283–84 (collecting cases). However, a child's right to relief may be shared with the parent, or considered their parent's "own," where federal or state law "alter[s] the common-law backdrop." *Id.* at 284.

It is the parent's "burden to establish that under § 1654, federal or state law authorizes h[im] to proceed *pro se* on behalf of h[is] children." *Raskin*, 69 F.4th at 287. Here, Davis has not identified any state or federal law justifying a departure from the common-law rule, such that his

5

children's Section 1983 claims could be said to "belong" to him.  *See* Decl.  Thus, Davis has not

met his burden to prove he should be permitted to plead and conduct his children's case *pro se.*[2]

**C. The Court denies Davis's request to be provided with a court-appointed attorney, but grants a brief stay of the minors' claims so that he may seek private counsel on their behalf.**

Where a guardian is determined to be unable to proceed with their child's claims *pro se*,

three courses of action are available: first, the district court may choose to appoint counsel to

represent the children; second, if the court declines to appoint counsel, the guardian "may decide

to secure a lawyer and proceed once again with his children's claims"; or, finally, if the guardian

fails to secure an attorney, the Court may dismiss the children's claims without prejudice.  *Osei-*

*Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876, 883 (3d Cir. 1991); *see Dobbs*, 2022 WL

4244283, at *4 (citing *Osei-Afriyie*, 937 F.2d at 883) (holding "dismissal without prejudice was

the proper disposition of  [minor's] claims" and non-lawyer guardian "may consider contacting

legal aid providers or attempt to retain paid counsel to pursue his child's claims" where non-lawyer

guardian could not proceed with the child's claims *pro se*).

***1. Davis's request for appointment of counsel is denied.***

"A civil rights complainant has no right to the automatic appointment of counsel."  *Ulmer*

*v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982) (citing *Branch v. Cole*, 686 F.2d 264 (5th Cir.

1982) (per curiam); *Wright v. Dallas County Sheriffs Department*, 660 F.2d 623, 625-26 (5th Cir.

1981)).  Even still, Section 1915(e)(1) provides that a federal court may choose to appoint counsel

to "any person unable to afford counsel," § 1915(e)(1), "if doing so would advance the proper

administration of justice," *Ulmer*, 691 F.2d at 212.

---

[2]      His inability to litigate the minors' claims *pro se* does not disrupt the Court's analysis regarding the appointment of next friends or guardians ad litem, as the minors do not lack a representative for the purposes of Rule 17.

Before being provided counsel under Section 1915(e)(1), a party must, as a threshold requirement, demonstrate his poverty and inability to otherwise secure counsel. *See Ulmer*, 691 F.2d at 213 ("The district court may . . . require [a plaintiff] to respond directly to an inquiry concerning what effort, if any, he has made to secure private counsel."). Here, Davis states that he "ha[s] sought counsel for the minors' claims and, due to constraints and complexity, h[as] requested recruitment/appointment of counsel." Decl. 3. He has not, however, sought *in forma pauperis status*, sufficiently proven his indigency, or even alleged he was unable to retain private counsel. *See id.* A plaintiff is not entitled to the appointment of counsel merely because, after considering the costs of litigation, he has determined that he would prefer that the Court bear his legal expenses. The Court therefore declines to appoint counsel.

### 2. The Court grants a fourteen-day stay of the minors' claims.

In light of Davis's request for "a short stay of the minors' claims, rather than dismissal," Decl. 3, the Court will grant a fourteen-day stay of the minors' claims, during which Davis may attempt to recruit counsel. If counsel has not been retained by the expiration of that period, the minors' claims may be subject to dismissal without prejudice. *See Dobbs*, 2022 WL 4244283, at *4.

### III.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** that the requests contained in Davis's Next Friend Declaration are **GRANTED IN PART** and **DENIED IN PART**:

1. the requests are **DENIED** as to Davis's request (1) to serve as the minors' next friend, (2) that a guardian ad litem be appointed to serve as the minors' representative; and (3) that the minors be provided court-appointed counsel; and

2. the requests are **GRANTED** as to Davis's request for "a short stay of the minors' claims."

7

8

The Court **FURTHER ORDERS** that the minors' claims will be stayed for fourteen (14) days.  Davis is advised that failure to obtain representation for the minors by the expiration of that fourteen-day period may result in dismissal of the minors' claims.

**SIGNED and ENTERED** this 23rd day of April, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**